# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **Melanie Norman,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| **JC MONTGOMERY** | ) | **JURY DEMANDED** |
| **INVESTMENT LLC; and** | ) | |
| **JONAS ROGERS** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

Melanie Norman (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant JC Montgomery Investment LLC (hereinafter "Juicy Crab") and Defendant Jonas Rogers (hereinafter "Rogers"). Plaintiff seeks redress for hostile work environment and sexual harassment suffered in her capacity as an employee of Juicy Crab in violation of Title VII of the Civil Rights Act, Negligent Training and Supervision against Juicy Crab, and Battery against Rogers, and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## PARTIES

1. Plaintiff is a resident of Montgomery County, Alabama, and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Juicy Crab as defined under Title VII of the Civil Rights Act of 1964.

3. Juicy Crab is a foreign corporation incorporated under the laws of Alabama, with its principal place of business being in the State of Alabama. Juicy Crab's registered agent is Alabama Registered Agent Inc., which can be served at 212 W Troy Street Ste B, Dothan, AL 36303.

4. Rogers is, upon information and belief, a resident of the State of Alabama, and is over the age of nineteen (19) years.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this arises under the laws of the United States, 42 U.S.C. § 12117(a), because the action arises under Title VII of the Civil Rights Act of 1964, as amended.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Montgomery County, Alabama, which lies within the Northern Division of the United States District Court for the Middle District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

7. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about November 12, 2024, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. On March 21, 2005, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A."

## FACTS

9. On or about January 2024, Plaintiff started work for Juicy Crab as a server.

10. Shortly after Plaintiff began her employment, she began to be subjected to conduct that she believed to be sexual harassment by her manager, Rogers Rogers.

11. On multiple occasion Rogers would attempt to touch Plaintiff's breast, press his penis against her, making comments towards Plaintiff that she believed were sexually charged.

12. Plaintiff reported Jonas's conduct to Juicy Crab after each instance.

13. On or about October 3, 2024, Juicy Crab constructively discharged Plaintiff because its failure/refusal to take any action to correct the hostile work

environment led Plaintiff to fear for her bodily safety and end the constant humiliation of being subjected to sexual harassment.

### COUNT I:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.

**(SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)**

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above as if fully set out herein.

15. Plaintiff is a female and a member of a protected class.

16. The conduct stated herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, because Defendant has engaged in the practice of a hostile work environment against Plaintiff.

17. In or around January 2024, shortly after Plaintiff began working for Juicy Crab, Rogers grabbed Plaintiff's breast and pressing his penis against her back.

18. Plaintiff verbally reported Rogers's conduct to Juicy Crab's owner, Ming Yuan ("Yuan"), and Defendant's manager, Jacob Summage ("Summage"); however, neither took any action to reprimand Rogers or address his conduct.

19. Rogers would continue to grab Plaintiff's breasts, press his penis against Plaintiff, and make sexually charged comments to Plaintiff on multiple occasions.

20. Plaintiff would verbally report Rogers's conduct to Juicy Crab after each instance; however, Juicy Crab never took any steps to protect Plaintiff from Rogers's conduct.

21. In or around June 2024, Juicy Crab was further put on notice of Rogers' behavior by a customer posting a review of the restaurant stating that Rogers and Summage were sexually harassing female customers.

22. Sometime after that review was left, Juicy Crab responded to the comment stating that the concerns would be handled internally.

23. On or around June 2020, Rogers stopped Plaintiff in the kitchen of the restaurant and made sexually charged comments about Plaintiff's body and breasts.

24. On or around July 12, 2024, Rogers grabbed Plaintiff's arm, demanded that she go into a closet with him, and attempted to drag Plaintiff into the closet in an attempt to have sexual relations with Plaintiff, against her will, in the closet.

25. Plaintiff pulled herself away from Rogers and reported Rogers's attempt at sexual assault to Juicy Crab.

26. Despite Plaintiff's report, Juicy Crab failed/refused to reprimand Rogers, correct his conduct, or prevent any future sexual harassment.

27. On or about Auguster 18, 2024, would repeatedly walk close to Plaintiff's back and press his penis against her back.

28. Plaintiff reported Rogers's conduct to Summage the same day, but Summage failed/refused to reprimand Rogers, correct his behavior, or prevent future sexual harassment.

29. On or about September 15, 2024, Rogers told Plaintiff she had "some big dick sucking lips".

30. Plaintiff immediately reported this to both Summage and Yuan; however, both failed/refused to take any action to reprimand Roger, correct his conduct, or prevent future sexual harassment.

31. On or about October 9, 2024, Plaintiff's employment was terminated.

32. Rogers's conduct altered the terms of Plaintiff's employment and the essential terms of her employment, and Plaintiff was subjected to a physically threatening environment that male employees were not subjected to.

33. Juicy Crab, through its failure to act despite having knowledge of Rogers's conduct, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

34. The conduct alleged herein occurred routinely and regularly throughout Plaintiff's employment.

35. Juicy Crab's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended,

were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

36. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Juicy Crab's unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Juicy Crab's past practice herein complained to be unlawful;

B. Order Juicy Crab to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

C. Order Juicy Crab to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Juicy Crab to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper.

## COUNT II:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.

### (CONSTRUCTIVE DISCHARGE)

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 and 17-30 as if fully set out herein.

38. Plaintiff is a female and a member of a protected class.

39. Starting in January 2024, Plaintiff was subjected to continuous sexual harassment by Rogers, leaving her in fear for her physical safety and feeling utterly humiliated.

40. Rodgers conduct toward Plaintiff materially altered the terms and conditions of Plaintiff's employment because Plaintiff was forced to rebuff and defend herself against Rogers's attempts to grab Plaintiff's breast, press his penis against Plaintiff's back, and reject numerous sexual advances and comments while working for Juicy Crab.

41. Juicy Crab knew or should have known about Rogers's conduct, because Plaintiff reported Rogers numerous times to Juicy Crab, and Juicy Crab's customers left reviews stating that Rogers was sexually harassing people while on duty.

42. Juicy Crab ratified Rogers's conduct by failing/refusing to take any actions to reprimand Rogers, correct Rogers's behavior, or prevent Plaintiff from being subjected to sexual harassment despite having knowledge of Rogers's unlawful conduct.

43. On or about October 3, 2024, Juicy Crab constructively discharged Plaintiff's employment, because Plaintiff was in constant and continuous fear for her physical safety due to Rogers's harassment, and felt that she could not reasonably continue her employment at the Juicy Crab.

44. The work environment created by the Juicy Crab became so physically threatening and humiliating that a reasonable person would not believe that they could continue to work in said environment.

45. Defendants' discriminatory actions against Plaintiff violated Plaintiff's rights, were intentional, and were done with malice and reckless disregard for Plaintiff's rights.

46. Due to Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Juicy Crab's past practice herein complained to be unlawful;

B.  Order Juicy Crab to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

C.  Order Juicy Crab to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.  Order Juicy Crab to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper.

## COUNT III
## CIVIL BATTERY AGAINST DEFENDANT JONAS ROGERS

47. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-5 and 8-13 as if fully set forth herein.

48. This claim for battery against Rogers arises under the laws of the State of Alabama.

49. On multiple occasions from January 2024 until October 2024, Rogers would intentionally touch Plaintiff in a way that was unwelcome and offensive.

50. On or around July 12, 2024, Rogers intentionally grabbed Plaintiff's arm, demanded that she go into a closet with him, and attempted to drag Plaintiff into the closet in an attempt to have sexual relations with Plaintiff, against her will, in the closet.

51. On or about Auguster 18, 2024, on numerous occasions, Rogers would walk close to Plaintiff's back and intentionally press his penis against her back.

52. At no time did Plaintiff consent to Rogers touching her, and the touching was unwelcome, harmful, and offensive.

53. Rogers's unlawful, intentional, and harmful physical act constituted battery against the Plaintiff.

54. Plaintiff suffered and continues to suffer damages as a result of Rogers's conduct, including, but not limited to, emotional distress, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Jonas Rogers in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## COUNT IV:
## NEGLIGENT SUPERVISION AND TRAINING AGAINST DEFENDANT JUICY CRAB

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 and 48-54, as fully set forth herein.

56. This claim arises under the laws of the State of Alabama to redress the failure to train and supervise Rogers by Juicy Crab.

57. Juicy Crab had a duty to provide Plaintiff with a reasonably safe work environment and to follow the law.

58. On numerous occasions, Rogers, while working for Juicy Crab within the line and scope of his duty, would unlawfully commit a harmful and offensive touching against Plaintiff without her consent.

59. Juicy Crab had knowledge of these instances because she would report Rogers's conduct to it.

60. Because Juicy Crab ratified Rogers's conduct, because it knew about Rogers's harassment and failed/refused to take any steps to cease or correct Moreno's behavior.

61. Had Juicy Crab reprimanded Rogers for his hostile and inappropriate conduct in the workplace, Rogers would not have repeated acts of misconduct, resulting in failure to supervise.

62. Had Juicy Crab monitored and/or supervised Rogers more carefully, Rogers would not have repeated acts of misconduct, resulting in failure to supervise.

63. If Juicy Crab had proper equal employment training in place, these actions would not have occurred, resulting in failure to train.

64. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem, and other damages as a direct result of the conduct alleged above.

**WHEREFORE**, Plaintiff demands judgment against Juicy Crab in an amount that a Jury deems to be reasonable and fair, plus interest and costs of this proceeding, and prays that this Court will grant such relief it deems necessary and proper.

## JURY DEMAND
PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

Respectfully Submitted:

/s/ Jon-Kaden Mullen
D. Jeremy Schatz
Jon-Kaden Mullen (MUL040)
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

13

**Please Serve Defendants By Certified Mail As Follows:**

JC MONTGOMERY INVESTMENT LLC
c/o Alabama Registered Agent Inc.
212 W Troy Street Ste B,
Dothan, AL 36303

Jonas Rogers
3832 Perry Hill Ct
Montgomery, AL 36109